**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Merrill Lynch, Pierce, Fenner & Smith, Inc.,**

    **Plaintiff,**

-vs-                 Case No. 6:09-cv-329-Orl-18DAB

**Geoffrey Murvin,**

    **Defendant.**
_____

## ORDER GRANTING PRELIMINARY INJUNCTION

   This matter came before the Court upon consideration of Plaintiff's, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), Complaint and Motion for Preliminary Injunction (Docs. 1 and 2), Defendant's, Geoffrey Murvin ("Defendant"), response in opposition to the Motion for Preliminary Injunction (Doc. 11), and accompanying affidavits filed by the parties. The Court held an evidentiary hearing and heard oral argument on Monday, March 2, 2009. Upon review, the Court finds and orders as follows:

   **A. Findings of Fact and Conclusions of Law**

   The Court finds that Merrill Lynch is likely to succeed on the merits of its claim for breach of contract before the Financial Industry Regulatory Authority ("FINRA") arbitration panel. Although a close question, the Court concludes that since his resignation from Merrill Lynch and subsequent employment at Ameriprise, Defendant has been soliciting Merrill Lynch's former clients in clear violation of the restrictive covenant contained in his employment contract with Merrill Lynch (Doc. 1-2, ¶¶ 1-2).

As a result of Defendant's conduct in soliciting Merrill Lynch clients, Merrill Lynch has suffered and may continue to suffer irreparable harm, and has incurred and may continue to incur monetary damages in an amount that has yet to be determined.

Merrill Lynch has no adequate remedy at law and is entitled to preliminary injunctive relief prohibiting Defendant from soliciting its clients in violation of the restrictive covenant.

The balance of harms to the parties and the public interest weigh in favor of injunctive relief.

**B. Conclusion**

Based on the foregoing findings of fact and conclusions of law, it is **ORDERED** and **ADJUDGED** that:

1. The Motion for Preliminary Injunction (Doc. 2) is **GRANTED**.

2. Pursuant to FED. R. CIV. P. 65(c), Merrill Lynch shall post security with the Court in the amount of $10,000.00 by no later than 4:00 p.m. on Tuesday, March 3, 2009.

3. The Defendant, Geoffrey Murvin, whether acting alone or in concert with others (including any officer, agent, employee, or representative of Ameriprise), is hereby restrained and enjoined from soliciting or initiating contact with any client of Merrill Lynch whom Defendant served, or assisted others in serving, while in the employ of Merrill Lynch for the purpose of advising said clients of his new affiliation with Ameriprise or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch.

4. Notwithstanding the preceding paragraph, nothing in this Order shall restrain, enjoin or prohibit Geoffrey Murvin from communicating with current or former Merrill Lynch clients who initiate contact with him.

5. Merrill Lynch shall not actively promote the entry of this Order.

6. This Order shall be dissolved upon entry of a final order by the Financial Industry Regulatory Authority ("FINRA") arbitration panel. Pursuant to FINRA Rule 13804(b)(1), this Order shall be construed as a "temporary injunctive order" and the FINRA arbitration hearing in this matter shall commence within fifteen (15) days of the entry of this Order.

7. The FINRA arbitration panel shall not consider this Order for any purpose in deciding the merits of the parties' dispute.

8. Defendant's Motion to Compel Arbitration (Doc. 9) and Motion to Strike Affidavit of Corporate Representative (Doc. 12) are **DENIED** as **MOOT**.

9. This action is hereby **STAYED** in all respects pending final order of the FINRA arbitration panel.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 2, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE